# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SHERRY LOUISIGNAU ) | Case No. 05-74553 |
| ) | |
| Plaintiff. ) | Arthur J. Tarnow |
| ) | District Judge |
| v. ) | |
| ) | Steven D. Pepe |
| CITY DIRECTORIES, INC, ) | Magistrate Judge |
| d/b/a POLK CITY DIRECTORIES, ) | |
| ) | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT [DE 9] AND SETTING ASIDE ENTRY OF DEFAULT

Before the Court is Defendant's motion to set aside the clerk's entry of default [DE 9]. Plaintiff has not filed a response to Defendant's motion. For the reasons that follow, Defendant's motion is granted and the entry of default is set aside.

Default judgments are governed by Fed. R. Civ. P. 55, which provides that the court in its discretion may set aside a default for good cause. Defendant cites *Shepard Claims Service v. William Darrah & Assoc.*, 796 F. 2d 190 (6th Cir. 1986), where the court observed that "a strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard for review where defaults are involved." *Shepard Claims*, 796 F. 2d at 193.

In *Shepard Claims*, court identified three factors to be considered in deciding whether or not an entry of default should be set aside:

1. Whether the plaintiff will be prejudiced;
2. Whether the defendant has a meritorious defense; and
3. Whether culpable conduct of the defendant led to the default.

\* \* \*

All three factors must be considered in ruling on a motion to set aside entry of default. However, when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) in the

Louisignau v. City Directories, Inc.
Case No. 05-74553

absence of a willful failure of the moving part to appear and plead."

*Id*. at 192-94.

As to the first factor, there is no evident reason why Plaintiff would be prejudiced if the Court were to set aside the entry of default. This factor weighs in favor of setting aside the default.

As to the second factor, Defendant has failed to identify a specific meritorious defense to Plaintiff's claims. Rather, Defendant pleads in vague terms that it will be able to demonstrate that Plaintiff was not disabled for ADA purposes and that Plaintiff will not be able to establish a *prima facie* case for disability discrimination. At this stage, the Court is unable to form an opinion as to whether or not Defendant has a meritorious defense. The second factor neither favors nor disfavors setting aside the default.

As to the third factor, there is no evidence that Defendant is culpable. In *Shepard Claims*, the Sixth Circuit held that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id*. at 194. In this case, neither type of culpable conduct is alleged. Therefore, the third factor weighs in favor of setting aside the entry of default.

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's motion to set aside default is GRANTED.

IT IS FURTHER ORDERED that the clerk's entry of default [DE 5] is HEREBY SET ASIDE.

SO ORDERED.

Date: April 25, 2006                    S/ARTHUR J. TARNOW
                                        ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE